**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KENNETH HEALEY and DEIDRE HEALEY,**

    Plaintiffs,

v.                                                                                   Case No: 5:25-cv-178-JSM-PRL

**GEICO GENERAL INSURANCE COMPANY,**

    Defendant.
_____

**ORDER**

This cause comes before the Court on a Motion to Compel Directed to Non-Party Jonathan Thomson and/or Morgan & Morgan, P.A. ("Motion to Compel") filed by Defendant GEICO General Insurance Company ("GEICO"). (Doc. 18). GEICO moves to compel non-party, Jonathan Thomson, Esq. ("Thomson") and/or Morgan & Morgan, P.A. ("Morgan & Morgan"), to produce documents responsive to its subpoena served on October 7, 2025. (*Id.* at pp. 3-6, 8). For the reasons explained below, GEICO's Motion to Compel is due to be denied without prejudice.

**I.    BACKGROUND**

This is a first-party statutory bad faith action brought by Plaintiffs Kenneth Healey and Deidre Healey ("Plaintiffs" or the "Healeys") against GEICO, arising from a motor vehicle accident on March 16, 2019 (the "Accident"), involving the Plaintiffs and Curtis Bowen ("Bowen"). (*See* Doc. 1-1; Doc. 18 at p. 1). At the time of the Accident, Plaintiffs were insured by GEICO under an automobile liability policy, which provided bodily injury ("BI") limits of $100,000 per person/$300,000 per occurrence (the "Policy"). (*See* Doc. 1-1 at ¶ 5; Doc. 18

at p. 2).

Bowen retained Thomson, an attorney at Morgan & Morgan, to represent him in connection with his BI claim against the Healeys (the "Underlying Claim"), Case No. 2020-CA-000693, in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida (the "Underlying Lawsuit"), as a result of the Accident. (*See* Doc. 1-1 at ¶ 17; Doc. 18 at p. 2; Doc. 18-1 at p. 2).[1] The Underlying Lawsuit resulted in the entry of judgment in favor of Bowen and against Deidre Healey in the amount of $1,323,154.26, of which Kenneth Healey was jointly and severally liable for in the amount of $224,343.00. (*See* Doc. 1-1 at ¶ 20; Doc. 1 at pp. 3-4).

On January 15, 2025, Plaintiffs filed the instant action in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida, alleging that GEICO acted in bad faith in its handling of Bowen's BI claim. (*See* Doc. 1-1; Doc. 1 at pp. 1-2; Doc. 1-2). On March 17, 2025, GEICO removed the action to this Court. (Doc. 1). GEICO filed an answer with its affirmative defenses on March 21, 2025. (Doc. 7).

This case is currently in discovery, with discovery set to close on March 6, 2026. (Doc. 12 at p. 1). On October 7, 2025, GEICO served a subpoena *duces tecum* on non-party, Thomson and/or Morgan & Morgan, requesting discovery related to the Accident, the Underlying Claim, and the Underlying Lawsuit. (Doc. 18 at p. 2; *see* Docs. 18-1 & 18-2). The subpoena had a compliance date of July 3, 2025. (*See* Doc. 18-1 at p. 1).

On November 13, 2025, GEICO's counsel emailed Thomson regarding the subpoena and provided Thomson with a copy of the subpoena. (Doc. 18 at p. 2; *see* Doc. 18-3 at pp. 2-

---

[1] Plaintiffs state that GEICO assigned outside counsel to defend them in the Underlying Lawsuit. (Doc. 1-1 at ¶ 18).

3). Thomson responded on November 14, 2025, advising that he would "take a look [at the subpoena] and get a response out hopefully by this time next week[,] depending on the volume of the request and having to track down documents from a prior system." (Doc. 18 at pp. 2-3; *see* Doc. 18-3 at p. 2). Later that day, GEICO's counsel asked Thomson to send the responsive documents to its subpoena by November 21, 2025. (Doc. 18 at p. 2; *see* Doc. 18-3 at p. 1). On November 25, 2025, GEICO's counsel followed up with Thomson, notifying him of the overdue documents responsive to its subpoena, and allowing him an extension to produce responsive documents by December 3, 2025, in light of Thanksgiving approaching. (Doc. 18 at p. 3; *see* Doc. 18-4 at p. 1). In its November 25, 2025 email, GEICO's counsel advised Thomson that it would proceed with filing a motion to compel if it did not receive a response to its subpoena by December 3, 2025. (*See* Doc. 18-4 at p. 1). GEICO contends that Thomson has not responded to counsel's inquiries since November 14, 2025, nor has he responded to GEICO's subpoena or provided any responsive documents to date. (Doc. 18 at p. 3).

As a result, GEICO filed the instant Motion to Compel, seeking to compel the production of documents from Thomson and/or his law firm, Morgan & Morgan. (Doc. 18).

## II.   LEGAL STANDARDS

Courts have broad discretion in controlling the discovery in a case. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). Rule 45 provides the process for a party to obtain certain information or documentation from a non-party through a subpoena. *See generally* Fed. R. Civ. P. 45. Specifically, Rule 45 provides that a party may subpoena a non-party to, *inter alia*, "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control" for "inspection, copying,

testing, or sampling[.]" *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D); *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). By issuing a subpoena, the party is "invoking the court's power to require a non-party to produce documents." *See Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006).

However, before a court can order enforcement of a subpoena, a party seeking to enforce a non-party subpoena must show that it has complied with the requirements under Rule 45. *See Jenkins v. Winn-Dixie Stores, Inc.*, No. 3:14-CV-1104-J-34MCR, 2015 WL 12915699, at *1 (M.D. Fla. Oct. 5, 2015) (citing *Johnson v. Petsmart, Inc.*, No. 6:06-CV-1716-ORL-31UAM, 2007 WL 2852363, at *1 (M.D. Fla. Oct. 2, 2007)); *see also Cincinnati Ins. Co. v. Cochran*, No. 5:05-cv-93-RV/MD, 2005 WL 5277203, at *4 (N.D. Fla. 2005), *aff'd*, F. App'x 831 (11th Cir. 2006) (indicating that a court will deny a motion to enforce a subpoena when the subpoena is not in compliance with Rule 45) (citing *In re Silicone Gel Breast Implants Prod. Liab. Lit.*, No. CV 92-P-10000S, 1996 WL 1358526, at *1 n.1 (N.D. Ala. Apr. 11, 1996)). "A party may only be compelled to comply with a properly issued and served subpoena." *See Petsmart, Inc.*, 2007 WL 2852363, at *1 (citation omitted).

Rule 45 is not without limits, and Rule 45(d), in particular, "places protections on the person or entity subject to a subpoena." *See Blasini v. Louisville Ladder, Inc.*, No. 6:16-cv-1555-ORL-40GJK, 2017 WL 3635034, at *1 (M.D. Fla. Feb. 7, 2017); Fed. R. Civ. P. 45(d); *see also BMO Harris Bank, N.A. v. Richert Funding, LLC*, No. 1:15-cv-03886-AT-JKL, 2016 WL 11531451, at *5 (N.D. Ga. Dec. 27, 2016) ("Properly understood, that section of Rule 45 provides instructions to the court on what it must do to protect nonparties from overly burdensome subpoenas."). That rule, as relevant here, provides that a court must ensure a

subpoena does not impose an "undue burden" on the party responding to the subpoena, *see* Fed. R. Civ. P. 45(d)(1), and it must quash or modify a subpoena that "fails to allow a reasonable time to comply," *see* Fed. R. Civ. P. 45(d)(3)(A)(i). Although Rule 45 does not define what constitutes a "reasonable time to comply," courts have generally made the "determination of reasonableness on a case-by-case basis, considering the factors at work in the given case." *See Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-DIMITROULEA, 2009 WL 197979, at *4 (S.D. Fla. Jan. 26, 2009). Courts in this circuit "have found that a court has the authority *sua sponte* to quash or modify a subpoena[,]" even though Rule 45(d)(3) provides that a subpoena may be quashed or modified "on timely motion." *See Brooks v. Westrock Servs. LLC*, No. 5:20-cv-298-AW/MJF, 2021 WL 4987163, at *2 (N.D. Fla. June 9, 2021) (collecting cases).

### III.   DISCUSSION

In this instance, GEICO's non-party subpoena is unenforceable under Rule 45. As stated above, GEICO served Thomson and/or Morgan & Morgan with the subpoena on October 7, 2025. (Doc. 18 at p. 2; *see* Docs. 18-1 & 18-2). In the Motion to Compel, GEICO states that its subpoena contained a deadline of November 5, 2025 for the production of responsive documents. (Doc. 18 at pp. 2, 6-7). However, the compliance date of the subpoena was July 3, 2025. (*See* Doc. 18-1 at p. 1). Because Thomson and/or Morgan & Morgan were required to comply with the subpoena before they were served, GEICO's subpoena imposes an undue burden by not providing Thomson and/or Morgan & Morgan with a reasonable amount of time to respond to the subpoena.

Consequently, the Court cannot compel a non-party to comply with a defective subpoena under Rule 45. *See, e.g.*, *Brooks*, 2021 WL 4987163, at *2-3 (denying motion to

compel subpoena compliance from non-party because the subpoena failed to provide the non-party a reasonable time to comply, as subpoena was served to non-party on April 2, 2021, with the subpoena containing a compliance deadline of February 18, 2021); *Blasini*, 2017 WL 3635034, at *1-2 (denying motion to compel third-party to comply with subpoena *duces tecum* because the subpoena was defective, as it placed an undue burden on the non-party, who was served the subpoena on November 28, 2016, with the subpoena containing a compliance deadline of November 17, 2016).

As such, the Court will deny GEICO's Motion to Compel without prejudice. GEICO may execute and timely serve another subpoena that allows Thomson and/or Morgan & Morgan a reasonable time for compliance. *See Blasini*, 2017 WL 3635034, at *1 ("Where there are defects in a subpoena that can be cured by amendment and re-service, the better practice is to allow the requesting party that opportunity.") (citing *Cincinnati Ins. Co.*, 2005 WL 5277203, at *4 n.6). GEICO may file another motion to compel should Thomson and/or Morgan & Morgan fail to comply with a subpoena.

## IV.  CONCLUSION

Accordingly, upon due consideration, Defendant's Motion to Compel Directed to Non-Party Jonathan Thomson and/or Morgan & Morgan, P.A. (Doc. 18) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Ocala, Florida on January 9, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties